060436.6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
J N
AUG 0 2 2006
Aug 02, 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JAY BUSH,

   Plaintiff,

v.

COLLINS INDUSTRIES, INC. a foreign
corporation d/b/a CAPACITY OF TEXAS,
INC., a foreign corporation,

   Defendants.

06CV4161
JUDGE SHADUR
MAG. JUDGE NOLAN

### DEFENDANT COLLINS INDUSTRIES, INC.'S NOTICE OF REMOVAL

NOW COMES Defendant, COLLINS INDUSTRIES, INC. ("Collins") incorrectly sued as COLLINS INDUSTRIES, INC. d/b/a CAPACITY OF TEXAS, INC., by its attorneys in this regard, John A. Krivicich, Charles S. Ofstein and DONOHUE BROWN MATHEWSON & SMYTH LLC, and hereby removes this action from the Circuit Court of Cook County, Illinois to this Court. In support of its Notice of Removal, Collins states as follows:

1. Collins files this Notice of Removal pursuant to 28 U.S.C. §1332, 1441 and 1446. This Notice of Removal is being filed with this Court within thirty (30) days of Collins' receipt of a copy of the initial pleading setting forth a claim for relief upon which such proceeding is based, as provided by 28 U.S.C. §1446(b).

2. Plaintiff Jay Bush commenced this action in the Circuit Court of Cook County, Illinois by filing a complaint on June 27, 2006 styled as *Bush v. Collins Industries, Inc., a foreign corporation, d/b/a Capacity of Texas, Inc., a foreign corporation*, Case Number 06 L 6741. Collins was served with plaintiff's complaint on July 6, 2006.

3. Collins is a Missouri corporation with its principal place of business in Hutchinson, Kansas. Collins does not do business as Capacity of Texas, Inc.

4. Capacity of Texas, Inc., is a separate subsidiary corporation of Collins, and is a Texas corporation with its principal place of business in Longview, Texas. Capacity of Texas, Inc. is not named as a defendant and has not been served. Collins alleges the citizenship of Capacity of Texas, Inc. solely because of the manner in which plaintiff has styled his complaint.

5. Plaintiff Jay Bush is a citizen of Illinois.

6. Plaintiff's complaint alleges that "he sustained severe and permanent injuries, both externally and internally and was and will be hindered and prevented from attending to his usual duties and affairs . . . ." The complaint also alleges that plaintiff "suffered great pain and anguish, both in mind and body and will in the future continue to suffer." Finally, the complaint alleges that Jay Bush will expend and become liable for large sums of money for medical care and services in endeavoring to become healed and cured of injuries to his right foot and right ankle. Based on those allegations, Collins alleges its good faith belief that there is at least one claim as to which the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

7. Given the complete diversity of citizenship between the parties and the amount in controversy, this action may be removed to this Court pursuant to 28 U.S.C. §1332, 1442.

8. Attached hereto as Exhibit A are copies of the original Summons and Complaint at Law, which constitute all of the pleadings filed with the Circuit Court of Cook County, Illinois in this action and served on Collins.

9. Attached hereto as Exhibit B is the Notice of Filing of Notice of Removal being filed with the Clerk of the Circuit Court of Cook County, Illinois contemporaneously with the filing of this Notice.

WHEREFORE, this defendant COLLINS INDUSTRIES, INC., incorrectly sued as COLLINS INDUSTRIES, INC. d/b/a CAPACITY OF TEXAS, INC., respectfully removes this action to this Court and requests that this Court assume jurisdiction over this action and proceed to a final determination thereof.

Dated: August 2, 2006

                Respectfully submitted

                COLLINS INDUSTRIES, INC., incorrectly sued as COLLINS INDUSTRIES, INC. d/b/a CAPACITY OF TEXAS, INC.

By: _____

DONOHUE BROWN MATHEWSON & SMYTH LLC
John A. Krivicich (ARDC #3127319)
Charles S. Ofstein (ARDC #6280741)
140 South Dearborn Street, Suite 800
Chicago, Illinois 60603
Telephone: (312) 422-0900
Facsimile: (312) 422-0909

| 2120 - Served              | 2121 - Served              |
|----------------------------|----------------------------|
| 2220 - Not Served          | 2221 - Not Served          |
| 2320 - Served By Mail      | 2321 - Served By Mail      |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS**                | **ALIAS - SUMMONS**        |

CCG N001-10M-1-07-05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

(Name all parties)

Jay Bush

v.

Collins Industries, Inc., a foreign corporation, d/b/a Capacity of Texas, Inc. a foreign corporation

No.

```
2006L006741
CALENDAR/ROOM B
TIME 00:00
Product Liability
```

## SUMMONS

To each Defendant:   SEE ATTACHED SERVICE LIST

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41154
Name: Ernest P. Wagner, Childress Duffy Goldblatt, Ltd.
Atty. for: Plaintiff
Address: 515 N. State Street, Suite 2200
City/State/Zip: Chicago, IL 60610
Telephone: 312-494-0200

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

WITNESS, DOROTHY BROWN
Clerk of Court
Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

DOROTHY BROWN, CLERK OF    COOK COUNTY, ILLINOIS

## Service List:

Collins Industries, Inc.
c/o Ron Sorensen
15 Compound Drive
Hutchinson, KS 67502-4349

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Jay Bush, )
            )
    Plaintiff, )
            )
    v.      )   Case No.:
            )
Collins Industries, Inc., a foreign )   2006L006741
corporation, d/b/a Capacity of Texas, Inc., )   CALENDAR/ROOM B
a foreign corporation, )   TIME 00:00
            )   JURY DEMAND  Product Liability
    Defendant. )

## COMPLAINT AT LAW

### COUNT I: Negligence

NOW COMES the Plaintiff, Jay Bush, by and through his attorneys Childress Duffy Goldblatt, Ltd., and hereby complains of Defendant, Collins Industries, Inc., d/b/a Capacity of Texas, Inc., and alleges the following:

1. That at all times herein relevant, the Plaintiff, JAY BUSH, was a resident of the County of Cook, State of Illinois.

2. On and prior to July 03, 2004, COLLINS INDUSTRIES, INC., a foreign corporation, d/b/a CAPACITY OF TEXAS, INC. (hereinafter referred to as CAPACITY OF TEXAS), was authorized to do business in the State of Illinois.

3. On and prior to July 03, 2004, CAPACITY OF TEXAS was in the business of designing, manufacturing, distributing, and/or selling specialty vehicles used to move semi trailer equipment ("spotting tractor(s)") and did in fact design, manufacture, advertise, distribute and supply a certain spotting tractor being used by United Parcel Service in Illinois.

4. On and prior to July 03, 2004, CAPACITY OF TEXAS placed the spotting tractor into the stream of commerce with the reasonable expectation that the vehicle would reach the State of Illinois and in fact the vehicle was physically present within the State of Illinois, County of Cook, on July 03, 2004.

5. On July 03, 2004, while in the course of his employment with United Parcel Service, Plaintiff was attempting to climb into the cab of the spotting tractor when he fell on the bottom step leading up to the cab.

6. At all relevant times herein, it was the duty of the Defendant, CAPACITY OF TEXAS, to exercise reasonable care in the design, manufacture, distribution and supply of the spotting tractor so as to not cause injury to individuals in and around the tractor, including Jay Bush, and to not subject individuals in and around the spotting tractor to unreasonable risk of injury.

7. Not withstanding said duty CAPACITY OF TEXAS was then and there guilty of one or more of the following careless and negligent acts and/or omissions to act in one or more of the following ways:

    a. It designed, manufactured, advertised, distributed and supplied the spotting tractor with inadequate access to the tractor cab via sufficient hand-holds;

    b. It designed, manufactured, advertised, distributed and supplied the spotting tractor with inadequate access to the tractor cab via sufficient foot-holds;

    c. It designed, manufactured, advertised, distributed and supplied the spotting tractor with inadequate access to the tractor cab via sufficient steps;

    d. It designed, manufactured, advertised, distributed and supplied the spotting tractor in an otherwise negligent and careless manner such that the tractor was unreasonably dangerous and unsafe for its intended use.

8. As a proximate result of the foregoing negligent acts and/or omissions to act by CAPACITY OF TEXAS, Jay Bush did then and there fall thereby injuring his right foot and right ankle.

9. That as a result of Jay Bush falling he sustained severe and permanent injuries, both externally and internally and was and will be hindered and prevented from attending to his usual duties and affairs and has lost and will in the future lose, the value of that time as aforementioned. Jay Bush also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Jay Bush further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services in endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, Jay Bush, by and through his attorneys Childress Duffy Goldblatt, Ltd., demands judgment against Defendant, Capacity of Texas, for a sum in excess of $50,000.00 and such additional amounts as the jury and the court shall deem proper, plus the costs of this action.

## COUNT II: Strict Liability

NOW COMES the Plaintiff, JAY BUSH, by and through his attorneys Childress Duffy Goldblatt, Ltd., and hereby complains of Defendant, Capacity of Texas, Inc., a foreign corporation, and alleges the following:

1. That at all times herein relevant, the Plaintiff, JAY BUSH, was a resident of the County of Cook, State of Illinois.

2. On and prior to July 03, 2004, CAPACITY OF TEXAS was a corporation authorized to do business in the State of Illinois.

3. On and prior to July 03, 2004, CAPACITY OF TEXAS was in the business of designing, manufacturing, distributing, and/or selling spotting tractors and did in fact design, manufacture, advertise, distribute and supply a certain spotting tractor purchased by United Parcel Service.

4. On and prior to July 03, 2004, CAPACITY OF TEXAS placed the spotting tractor into the stream of commerce with the reasonable expectation that the vehicle would reach the State of Illinois and in fact the vehicle was physically present within the State of Illinois, County of Cook, on July 03, 2004.

5. On July 03, 2004, while in the course of his employment with United Parcel Service, Plaintiff was attempting to climb into the cab of the spotting tractor when he fell on the bottom step leading up to the cab.

6. Plaintiff is informed and believes that there was no change in the condition of the spotting tractor between the time of its manufacture and the time that it was being used by Plaintiff. Plaintiff is further informed and believes that Plaintiff used the product in question in a manner that it was intended to be used and which was reasonably foreseeable to CAPACITY OF TEXAS.

7. At all relevant times herein, it was the duty of the Defendant, CAPACITY OF TEXAS, to exercise reasonable care in the design, manufacture, distribution and supply of the spotting tractor so as to not cause injury to individuals in and around the tractor, including Jay Bush, and to not subject individuals in and around the spotting tractor to unreasonable risk of injury.

8. On July 03, 2004, and at the time the spotting tractor left the control of CAPACITY OF TEXAS, the tractor was defective and unreasonably dangerous in one or more of the following ways:

   a. It designed, manufactured, advertised, distributed and supplied the spotting tractor with inadequate access to the tractor cab via sufficient hand-holds;

   b. It designed, manufactured, advertised, distributed and supplied the spotting tractor with inadequate access to the tractor cab via sufficient foot-holds;

   c. It designed, manufactured, advertised, distributed and supplied the spotting tractor with inadequate access to the tractor cab via sufficient steps.

   d. It designed, manufactured, advertised, distributed and supplied the spotting tractor such that the tractor was unreasonably dangerous and unsafe for its intended use.

9. As a proximate result of the foregoing unreasonably dangerous conditions, Jay Bush did then and there fall thereby injuring his right foot and right ankle.

10. That as a result of Jay Bush falling he sustained severe and permanent injuries, both externally and internally and was and will be hindered and prevented from attending to his usual duties and affairs and has lost and will in the future lose, the value of that time as aforementioned. Jay Bush also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Jay Bush further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services in endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, Jay Bush, by and through his attorneys Childress Duffy Goldblatt, Ltd., demands judgment against Defendant, Capacity of Texas, Inc., for a sum

in excess of $50,000.00 and such additional amounts as the jury and the court shall deem proper, plus the costs of this action.

CHILDRESS DUFFY GOLDBLATT, LTD.

BY: _____
One of Plaintiff's Attorneys

Thomas J. Loucks
CHILDRESS DUFFY GOLDBLATT, LTD.
515 North State Street, Suite 2200
Chicago, IL 60610
(312) 494-0200

060436.7

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JAY BUSH, | |
| Plaintiff(s), | |
| v. | No. 06 L 006741<br>Judge Diane J. Larsen<br>Motion Call: B |
| COLLINS INDUSTRIES, INC. a foreign corporation d/b/a CAPACITY OF TEXAS, INC., a foreign corporation, | |
| Defendant(s). | |

## NOTICE OF FILING

TO: Ernest P. Wagner, Thomas J. Loucks, Childress, Duffy Goldblatt, Ltd., 515 N. State Street, Suite 2200, Chicago, IL 60610

PLEASE TAKE NOTICE that on August 2, 2006, we filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, Collins Industries, Inc.'s Notice of Removal, a copy of which is attached hereto.

*Donohue Brown Mathewson & Smyth LLC*
DONOHUE BROWN MATHEWSON & SMYTH LLC

I.D. #32878
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 700
Chicago, Illinois 60603
Telephone: (312) 422-0900
Facsimile: (312) 422-0909

## PROOF OF SERVICE

I, Sharon Skierkiewicz, a non-attorney, on oath hereby certifies under penalties of perjury as provided by law pursuant to Ill. Rev. Stat., ch. 110, par. 1-109 [735 ILCS 5/1-109], that the above notice and any attached pleading(s) were ( ) delivered by _____ and/or (X) placed in the U.S. Mail at 140 South Dearborn Street, Chicago, Illinois, with first class postage prepaid and directed to the parties at the addresses set forth above at or before 5:00 p.m. on August 2, 2006.



060436.14

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAY BUSH,<br><br>        Plaintiff(s),<br><br>v.<br><br>COLLINS INDUSTRIES, INC. a foreign corporation d/b/a CAPACITY OF TEXAS, INC., a foreign corporation,<br><br>        Defendant(s). | 06CV4161<br>JUDGE SHADUR<br>MAG. JUDGE NOLAN |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2006, I manually filed Defendant Collins Industries, Inc.'s Notice of Removal with the Clerk of Court. Notification of such filing will be sent via U.S. Mail to the following:

Ernest P. Wagner
Thomas J. Loucks

                                              Respectfully Submitted,

                                              */s/ [signature]*

                                              DONOHUE BROWN MATHEWSON & SMYTH
                                              John A. Krivicich (ARDC #3127319)
                                              Charles S. Ofstein (ARDC #6280741)
                                              140 South Dearborn Street, Suite 700
                                              Chicago, Illinois 60603
                                              Telephone:   (312) 422-0900
                                              Facsimile:    (312) 422-0909
                                              john.krivicich@dbmslaw.com